MIDLAND SAVINGS & LOAN CO. v. SUMMERS *et al.*

No. 7150.   Opinion Filed October 10, 1916.

(160 Pac. 488.)

**BUILDING AND LOAN ASSOCIATIONS—Loans—Premiums—Usury.**
Cause remanded, with directions to the trial court to modify judgment in harmony with the rule approved in the case of **Midland Savings & Loan Co. v. Deaton et al.**, 57 Okla. 622, 157 Pac. 285.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by the Midland Savings & Loan Company against Roxie H. Summers and another.  Judgment for defendants, and plaintiff brings error.  Remanded, with directions to modify.

*Smith & Walker* and *A. J. Bryant,* for plaintiff in error.

*J. R. Miller (T. R. Dean,* of counsel), for defendants in error.

KANE, C. J.   This was a suit to foreclose a real estate mortgage, commenced by the Midland Savings &

Midland Savings & Loan Co. v. Summers et al.

Loan Company, a Colorado corporation, as plaintiff, against Roxie H. Summers and John B. Summers, who were residents of Oklahoma. Roxie H. Summers, it seems, was the owner by purchase of 60 shares of the capital stock of plaintiff, which is a foreign building and loan association, and she negotiated the loan from the company, to secure which she executed a mortgage upon certain real estate belonging to her, situated in Creek county, Okla.

The petition for foreclosure was in the usual form. The answer contained a general denial, pleaded payment, and by way of cross-petition further alleged, in substance, that at the time of said action complained of in plaintiff's petition said plaintiff knowingly reserved, charged, and received of and from these answering defendants a greater rate of interest than 10 per cent. per annum; that these answering defendants have paid to said plaintiff such usurious and unlawful interest in the sum of $300, whereby the said plaintiff has become indebted to said defendants in a sum equal to twice the amount of such usurious and unlawful interest, etc.

Upon trial to a jury the plaintiff introduced evidence to the effect that it collected interest at the rate of 10 per cent. per annum and a premium of 2 per cent. per annum upon the loan made to the defendants in accordance with the terms of its contract; that its contract with the defendants was made with reference to the building and loan laws of the Territory of Oklahoma for the year 1905, which, it contends, were extended over and put in force in the state by the Schedule to the Constitution. The witness also produced and introduced a correct and tabulated statement of all payments made upon the loan. The witness also identified the application for stock, the shares of stock, the application for the loan, and the bond and mort-

gage sued on, and testified that the balance due and unpaid at the time the suit was commenced, after allowing all credits, including the withdrawal value of the shares of stock, was the sum of $693.75, and to this should be added the sum of $150 attorney's fees, as stipulated for in the bond and mortgage, making a total amount of $834.75. The witness also testified that $14.76, which was paid as fines, was paid pursuant to the building and loan statutes of Oklahoma, which allow 6 per cent. dividends on stock payments, less 2 per cent. of the par value, and that the fines were charged within this statute. It was also shown that the company did not comply with section 1490, Comp. Laws 1909 (section 1297, Rev. Laws 1910), which requires bids for the preference in obtaining loans in domestic building and loan associations.

The foregoing is a sufficient epitome of the record for the purpose of this opinion. Upon the close of the evidence the trial court instructed the jury that:

"The plaintiff in this case admits that the rate of 12 per cent. was charged, and therefore, under the laws of this state, you are instructed that said rate was usurious and illegal; and, it being admitted further that more than the original loan has been paid, your verdict therefore must be for the defendants. The only question for you to consider is the amount, if any, which the defendants are entitled to recover of the plaintiff. In reaching your verdict on this point you will return a verdict for the defendants in double such sum as you may believe from all the evidence the defendants have paid to the plaintiff over and above such amount as the plaintiff may have advanced to the defendants, less such sum, if any, as the defendants may have paid to the plaintiff for the examination of the defendants' title to the lots in controversy. But in no event will your verdict be for more than double $300, the amount prayed for by defendants."

Thereafter the jury returned their verdict into court, as follows:

"We, the jury impaneled and sworn in the above-entitled cause, do, upon our oaths, find for the defendants and fix the amount of recovery at $462.80."

Thereafter the court overruled the motion for new trial filed by the plaintiff, and entered judgment upon the verdict, to reverse which this proceeding in error was commenced.

Subsequent to the trial of this cause in the court below the opinion in *Midland Savings & Loan Co. v. Alonzo J. Deaton et al.*, 57 Okla. 622, 157 Pac. 285, involving similar contracts of the same company, has been handed down, and both parties agree that it is controlling here. In the principal case it was held that:

"Where a foreign building and loan association lends money without requiring bids for the preference in obtaining the loan, as provided in section 1490, Comp. Laws 1909 (section 1297, Rev. Laws 1910), it has no right to charge premiums; and premiums, dues upon stock, and fines paid under a loan agreement so made will be applied to the satisfaction of the loan."

It was also held that such contract was not usurious, and, being only repugnant to our Constitution and laws as to the premium charged, and as to the application of the premiums made upon the stock, the plaintiff was entitled to the interest provided for in the contract. It is obvious that the instruction given herein by the trial court is in conflict with the holding in the principal case, and therefore it will be necessary to modify the judgment rendered. In the case at bar, as in the principal case, there is absolutely no evidence tending to show that the contract was entered into corruptly with the intent of receiving a

greater rate of interest than that provided by law. In the principal case it was held that:

"Where a loan made by a building and loan association is held not to be usurious, but loses the protection of a building and loan contract because of failure to comply with the law governing the letting of loans as to premiums, and therefore becomes a simple loan, the association is entitled to interest at the contract rate, the same being within the legal contract rate of interest."

Upon the authority of *Midland Savings & Loan Co. v. Deaton et al., supra,* this cause is remanded to the trial court, with directions to modify its judgment, in accordance with the views herein expressed.

All the Justices concur.